UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS HERZOG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIGUEL A. LOPEZ-CUEN, an individual; CALIFORNIA HIGHWAY PATROL, a California Governmental Department; STATE OF CALIFORNIA, a Governmental Entity; and DOES 1–8,<br><br>　　　　Defendants. | No. 2:21-cv-01174-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

On May 28, 2021, Plaintiff Louis Herzog ("Plaintiff") filed a Complaint in the Superior Court of California, County of San Joaquin, against Defendants Miguel A. Lopez-Cuen ("Lopez-Cuen"), California Highway Patrol ("CHP"), and the State of California (the "State" and collectively with Lopez-Cuen and CHP, "Defendants"), alleging the following claims for relief:  (1) unreasonable search and seizure under the Fourth Amendment in violation of 42 U.S.C. § 1983 ("§ 1983") against Lopez-Cuen; (2) violations of the California Unruh Civil Rights Act, California Civil Code § 51 ("Unruh Act"), against Defendants; (3) violations of the California Bane Act, California Civil Code § 52.1 ("Bane Act"), against Defendants; (4) Intentional Infliction of Emotional Distress ("IIED") against Defendants; and (5) False Imprisonment and Arrest against Defendants.


Ex. A, Not. Removal, ECF No. 1, at 4–22 ("Compl."). Defendants subsequently removed the case to this Court pursuant to 28 U.S.C. § 1331. Not. Removal, ECF No. 1 at 2. Presently before the Court are two motions by Defendants: (1) Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] ECF No. 4, and (2) Motion to Strike Plaintiff's Complaint pursuant to Rule 12(f), ECF No. 5. For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part, and their Motion to Strike is GRANTED.[2]

## BACKGROUND[3]

Plaintiff is a psychiatric nurse practitioner and treats people who have substance abuse disorders and who are part of a court-ordered substance abuse program. On April 15, 2020, at around 4:40 PM, Plaintiff alleges that he was leaving his place of business when he was pulled over by CHP Officer Lopez-Cuen, who claimed that the reason for the stop was because Plaintiff pulled out in front of him. After Plaintiff provided his driver's license and copy of insurance, Lopez-Cuen ordered Plaintiff out of the vehicle and had Plaintiff do a field sobriety test. Throughout the encounter, Lopez-Cuen repeatedly asked Plaintiff if he did drugs or alcohol to which Plaintiff repeatedly denied. Lopez-Cuen then asked Plaintiff if he was on any medication, to which Plaintiff replied that he took fluoxetine (Prozac) and that he only takes it around 8:00 AM. Lopez-Cuen then handcuffed Plaintiff, placed him in the back of the patrol car, and administered a breathalyzer test which read 0.0. Plaintiff was taken by Lopez-Cuen to San Joaquin General Hospital for a blood test and subsequently spent the night in the San Joaquin County Jail. After being released the following morning around 1:06 AM,

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] Because oral argument would not be of material assistance, the Court ordered these matters submitted on the briefs. E.D. Local Rule 230(g).

[3] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint.

Plaintiff took a drug test through his employer which showed he tested negative for all drugs tested in that employer test. Plaintiff alleges that he now has an arrest on his formerly unblemished record.[4]

## STANDARDS

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

---

[4] Although referenced in other pleadings, the Complaint does not explicitly allege the statutory provision underlying Plaintiff's arrest. See, e.g., Not. Removal, ECF No. 1 ¶ 2 (California Vehicle Code § 23152); Pl.'s Opp'n Defs.' Mot. Dismiss, ECF No. 8, at 4 (same). California Vehicle Code § 23152(f) states that "[i]t is unlawful for a person who is under the influence of any drug to drive a vehicle."

1  Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

///

///

4

B.   **Motion to Strike Pursuant to Rule 12(f)**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (internal citations and quotations omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Id.

## ANALSYIS

A.   **Defendants' Motion to Dismiss**

Defendants seek dismissal of Plaintiff's entire Complaint on grounds that each of Plaintiff's claims "are pled with conclusory allegations and a formulaic recitation of the elements of the cause of action." Defs.' Mot. Dismiss, ECF No. 4, at 4–5. The Court will address each claim in turn.

1.   **First Claim for Relief:  Unreasonable Search and Seizure in Violation of the Fourth Amendment (§ 1983)**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Under the Fourth Amendment, searches and seizures must be objectively reasonable. City of Indianapolis v. Edmond, 531 U.S. 32, 37 (2000) ("A search or seizure is ordinarily unreasonable in the absence of individualized suspicion of wrongdoing.").

Here, Plaintiff does not challenge the initial traffic stop but rather alleges that Lopez-Cuen's subsequent actions were improper, specifically that Lopez-Cuen ordered Plaintiff out of the car to perform a field sobriety test without reasonable suspicion and searched Plaintiff without reasonable suspicion or probable cause. See Compl. ¶¶ 28–39, 48–49. Defendants argue that Plaintiff's § 1983 "claim is devoid of specific facts identifying why Officer Lopez-Cuen did not have a lawful basis for searching Plaintiff beyond legal conclusions that he violated Plaintiff's Fourth Amendment rights." Defs.' Mot. Dismiss, ECF No. 4, at 5; see also Defs.' Reply ISO Mot. Dismiss, ECF No. 10, at 2 (stating that Lopez-Cuen "had an undisputed basis for stopping Plaintiff; properly investigated a suspected DUI; and when Plaintiff admitted to taking prescription medication, Officer Lopez-Cuen arrested him and took him to the local hospital for a blood test.").

Under both the reasonable suspicion and probable cause standards, the Court must look at the totality of the circumstances in determining whether Lopez-Cuen's actions were unreasonable. See United States v. Arvizu, 534 U.S. 266, 273 (2002) (stating that, under the reasonable suspicion standard, courts "must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing.") (citation and internal quotation marks omitted); Dubner v. City and Cnty. of S.F., 266 F.3d 959, 966 (9th Cir. 2001) ("Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime."). Viewing the allegations in a light most favorable to Plaintiff, the Court finds that the Complaint sufficiently states a cognizable claim under the Fourth Amendment.

The pertinent allegations are that Lopez-Cuen stopped Plaintiff for pulling out in front of him and that Plaintiff admitted to taking fluoxetine more than eight hours prior to

///

///

6

the stop.[5]  Compl. ¶¶ 27, 33–34.  Plaintiff does not allege he exhibited any signs of intoxication or impairment during his encounter with Lopez-Cuen.  Defendants contend that Plaintiff's admission to taking prescription medication hours earlier was sufficient to justify arresting him and taking him to the hospital for a blood test, Defs.' Reply ISO Mot. Dismiss, ECF No. 10, at 2, but that alone does not provide sufficient justification for such actions.  Accepting Plaintiff's allegations as true for purposes of this Motion, Lopez-Cuen did not have reasonable suspicion, let alone probable cause, to search and arrest Plaintiff for driving under the influence.  Therefore, Defendants' Motion to Dismiss this claim for relief is DENIED.

### 2. Second Claim for Relief: Unruh Act (California Civil Code § 51)

Plaintiff contends Defendants violated the Unruh Act by discriminating against him based on his medical condition.  See Compl. ¶¶ 58, 60–63.  The Unruh Act provides that:

> [a]ll persons within the jurisdiction of [the State of California] are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b).  Defendants seek dismissal of this claim on grounds that "Plaintiff does not allege that he was not impaired by his use of prescription medication, nor does he allege that he did not demonstrate symptoms of someone who may be under the influence of prescription medication" in violation of the California Vehicle Code.  Defs.' Mot. Dismiss, ECF No. 4, at 6; Defs.' Reply ISO Mot. Dismiss, ECF No. 10, at 3.

Contrary to Defendants' argument, the Court finds that Plaintiff's Complaint provides specific allegations of discrimination against Plaintiff based on his medical

---

[5] The Court recognizes that the Complaint does not challenge whether the initial stop was reasonable, but nonetheless, the alleged reason for the stop is still relevant to the totality of the circumstances inquiry as to whether Lopez-Cuen had reasonable suspicion and probable cause to search and arrest Plaintiff for driving under the influence.

condition. Plaintiff alleges that Lopez-Cuen arrested him after Plaintiff admitted to taking fluoxetine earlier that morning and adds that "Lopez-Cuen then teased Plaintiff about his use of the medication given his job while transporting him to jail." See Compl. ¶¶ 33–39, 62–63. As stated above, admitting to taking fluoxetine earlier in the day is insufficient on its own to support a finding that Plaintiff was driving under the influence. Defendants' Motion to Dismiss the Unruh Act claim is thus DENIED.

### 3. Third Claim for Relief: Bane Act (California Civil Code § 52.1)

"The elements of a cause of action under the Bane Act are: (1) defendants interfered by threat, intimidation, or coercion, or attempted to interfere . . .; (2) with the exercise or enjoyment by any individual of rights secured by federal or state law." Ordonez v. Stanley, 495 F. Supp. 3d 855, 865–66 (C.D. Cal. 2020) (citing King v. State of Cal., 242 Cal. App. 4th 265, 294 (2015)). "Plaintiff must allege defendants had a specific intent to violate the rights of plaintiff." Id. at 866 (citing Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018)). Further, a "plaintiff must prove that the defendant(s) interfered (or attempted to interfere) with her rights . . . (and that the defendant(s) did so other than by speech alone, unless the speech itself threatened violence)." Doe by & through Doe v. Petaluma City Sch. Dist., 830 F. Supp. 1560, 1582 (N.D. Cal. 1993); see Johnson v. City of Atwater, No. 1:18-CV-00920-DAD-SAB, 2019 WL 4166842, at *7 (E.D. Cal. Sept. 3, 2019), report and recommendation adopted, 2019 WL 7290514 (E.D. Cal. Dec. 30, 2019) (citing Doe with approval); Johnson v. Baca, No. CV 13-04496 MMM (AJWx), 2014 WL 12588641, at *15 (C.D. Cal. Mar. 3, 2014) (same); Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 882 (2007) (citing California jury instructions[6] in holding that section 52.1 requires a threat or act of violence).

Defendants contend that the Complaint fails to "allege any facts supporting the conclusion that Officer Lopez-Cuen used threat, intimidation, or coercion to interfere with Plaintiff's rights" and that the mere facts that Plaintiff was searched, arrested, and

---

[6] Previously CACI No. 3025, now CACI No. 3066.

subjected to a blood test do not give rise to a Bane Act claim. Defs.' Mot. Dismiss, ECF No. 4, at 6. However, some courts have found that "an unlawful search or seizure can form the basis of a cause of action under § 52.1." Martin v. Cnty. of San Diego, No. 03-CV-1788-IEG (WMC), 2004 WL 7334370, at *4 (S.D. Cal. May 12, 2004); Watkins v. City of Oakland, No. 17-cv-06002-JCS, 2018 WL 574906, at *9 (N.D. Cal. Jan. 26, 2018) (holding "that, to state a claim under the Bane Act, [plaintiff] must plausibly allege that Defendants had a specific intent to violate [his] right to freedom from unreasonable seizure, and need not allege something beyond the coercion inherent in the wrongful detention.") (internal quotation marks omitted) (citing Cornell v. City and Cnty. of S.F., 17 Cal. App. 5th, 766, 801–02 (2017)). Viewing the allegations in a light most favorable to Plaintiff, he has pleaded that his arrest was not supported by probable cause, thus invoking a level of "coercion" prohibited by the Bane Act. Accordingly, Defendants' Motion to Dismiss as to this claim is DENIED.

### 4. Fourth Claim for Relief:  IIED

An IIED claim consists of the following elements:

> (i) outrageous conduct by defendant, (ii) an intention by defendant to cause, or reckless disregard of the probability of causing, emotional distress, (iii) severe emotional distress, and (iv) an actual and proximate causal link between the tortious conduct and the emotional distress.

Nally v. Grace Cmty. Church, 47 Cal. 3d 278, 300 (1988). To be "outrageous," the conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized community," Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1982), and "[s]evere emotional distress [is] distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." Fletcher v. W. Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970).

The Court need not address the nature of Defendants' conduct because Plaintiff's general allegation that his emotional distress resulted in "fear, embarrassment, nervousness, nausea, anxiety, worry, shame, humiliation, distress, shock, and sleeplessness and other physical manifestation[s]" is insufficient to state a cause of

action for IIED.  Compl. ¶ 81.  Even liberally construed, Plaintiff's IIED allegations are conclusory and merely recite the elements of this common law tort.  Therefore, this claim is DISMISSED with leave to amend.

### 5. Fifth Claim for Relief:  False Imprisonment and Arrest

"The tort of false imprisonment "consists of the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715 (1994).  "Restraint may be effectuated by means of . . . arrest." Id.  Under the California Penal Code, "an officer cannot be held civilly liable for false imprisonment where the officer, 'acting within the scope of his or her authority,' made a 'lawful' arrest or 'had reasonable cause to believe the arrest was lawful.'" Blankenhorn v. City of Orange, 485 F.3d 463, 486 (9th Cir. 2007) (9th Cir. 2007) (citing Cal. Penal Code § 847(b)).  Because, as alleged, Plaintiff has pleaded that he was arrested without probable cause, the Motion to Dismiss this claim is DENIED.

### B. Defendants' Motion to Strike

In his Request for Relief, Plaintiff, in part, seeks "[p]unitive damages in the amount of $1,000,000 against each defendant."  Compl. at 18.  Defendants ask the Court to strike the request for punitive damages against CHP and the State because such a request against these Defendants is barred as a matter of law.  Defs.' Mot. Strike, ECF No. 5, at 3.  Plaintiff does not oppose Defendants' Motion.  Pl.'s Non-Opp'n Defs.' Mot. Strike, ECF No. 9.

It is well-established that public entities are immune from punitive damages under § 1983 and California law.  City v. Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (holding that "a municipality is immune from punitive damages under 42 U.S.C. § 1983"); Westlands Water Dist. v. Amoco Chem. Co., 953 F.2d 1109, 1113 (9th Cir. 1992) ("California Government Code § 818 bars any award of punitive damages against a public entity."); Cal. Gov't Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or

other damages imposed primarily for the sake of example and by way of punishing the defendant."). Accordingly, Defendants' Motion to Strike punitive damages from the Request for Relief against CHP and the State is GRANTED without leave to amend.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 4, is GRANTED with leave to amend as to the IIED claim, but otherwise DENIED. Defendants' Motion to Strike the punitive damages request from Plaintiff's Complaint, ECF No. 5, is GRANTED without leave to amend. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is timely filed, the claims for relief dismissed by virtue of this Memorandum and Order will be dismissed with prejudice and without further notice to the parties.

IT IS SO ORDERED.

Dated: March 15, 2022

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE