```
Rob Bonta
Attorney General of California
Catherine Woodbridge
Supervising Deputy Attorney General
John C. Bridges
Deputy Attorney General
State Bar No. 248553
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7529
 Fax: (916) 322-8288
 E-mail: John.Bridges@doj.ca.gov
```
*Attorneys for Defendants State of California,
by and through California Highway Patrol,
and CHP Officer Miguel Lopez-Cuen*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LOUIS HERZOG,**<br><br>                    Plaintiff,<br><br>   v.<br><br>**MIGUEL A. LOPEZ-CUEN, an individual; CALIFORNIA HIGHWAY PATROL, a California Governmental Department; STATE OF CALIFORNIA, a Governmental Entity; and DOES 1-8,**<br><br>                    Defendants. | Case No. 2:21-cv-01174-MCE-CKD<br><br>**STIPULATION TO PROTECTIVE ORDER AND [Proposed] ORDER**<br><br>Complaint Filed:    May 28, 2021<br><br>(SACRAMENTO COUNTY SUPERIOR COURT CASE NO. STK-CV-UCR-2021-0004941) |

    Pursuant to the requirements of Rule 26, Defendants will produce un-redacted copies of California Highway Patrol training manuals that Defendants will provide to their retained experts and may rely upon to support their defenses. Defendants will also produce video of the subject incident giving rise to this lawsuit taken from a body camera worn by Defendant Officer Lopez-Cuen that Defendants will provide to their retained experts and may rely upon to support their defenses.

Therefore, the parties to this action, by and through their respective counsel, hereby stipulate that the following writings (and any other records or documents which the parties stipulate in writing to be subject to this Protective Order) may only be disclosed to plaintiff and his counsel:

**(1) Highway Patrol Manuals to be designed as "Confidential" at the time of disclosure;**

**(2) Body camera video of the incident taken by Officer Lopez-Cuen;**

**(3) Personnel file records of Officer Lopez-Cuen.**

Production of the documents listed above will be subject to the following conditions and the Court's Protective Order:

1. The documents and their contents may be used by plaintiff and his counsel only in this litigation and may not be used in separate proceedings or actions at this time or in the future without first being obtained through proper discovery procedures or court orders in those separate proceedings or actions.

2. The documents and their contents may not be disclosed, copied, distributed, shown, described, or read to any person or entity (including, but not limited to, media representatives) by plaintiff or his representatives or agents, other than (a) the parties to this litigation; (b) the parties' attorneys, paralegals, and legal office staff in this litigation; (c) the parties' expert consultants in this litigation for purposes of expert consultation and trial testimony preparation; and (d) the court in this action, filed under seal, for purposes of this litigation.

3. The plaintiff's expert consultants must sign an acknowledgment and agreement to be bound by the terms of this Protective Order, an executed copy of which will be provided to defendants' counsel within seven (7) days after formal disclosure of such consultants as expert witnesses in this litigation.  The acknowledgment and agreement must contain the following language:

> "As an expert witness for the plaintiffs in this lawsuit, I hereby acknowledge receipt of a copy of the signed Stipulation to Protective Order, and Order, approved and entered by the Court in this action, and I agree to be bound by all terms and conditions in that Protective Order and recognize that I may be personally found in contempt of Court or subject to other sanctions determined by the Court should I violate any term or condition in that Protective Order."

4. All documents produced subject to this Stipulation and Protective Order and copies thereof will be clearly marked "Confidential" to indicate that they are subject to this Protective Order.

5. All documents produced subject to this Stipulation and Protective Order and copies thereof must be returned to defendants' counsel upon the termination of this litigation.

6. This Protective Order does not in any way affect or prejudice the right of any party at the time of trial or other proceedings in this action to object to the use or admissibility of said documents at the trial or in other proceedings.

7. Any writings or other documents stipulated in writing by the parties to be confidential and marked "Confidential," and produced prior to the date the Protective Order is signed by the Court, shall also be subject to all terms of this Stipulation and Protective Order.

8. If any party intends to file a motion that includes as an exhibit any writing(s) subject to this protective order, that party must file the writing(s) under seal pursuant to Eastern District Civil Local Rule 141.

9. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

10. The Challenging Party shall initiate meet and confer with the Designating Party prior to challenging the designation of confidentiality.

11. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

12. Violation of this Protective Order by any party or any other person, including but not limited to any party's expert witnesses and consultants, will result in sanctions to be determined by the Court upon application by any other party.

**SO STIPULATED:**

Dated: June 28, 2022                             Respectfully submitted,

                                                 ROB BONTA
                                                 Attorney General of California
                                                 CATHERINE WOODBRIDGE
                                                 Supervising Deputy Attorney General


                                                 **/s/ John C. Bridges**
                                                 JOHN C. BRIDGES
                                                 Deputy Attorney General
                                                 *Attorneys for Defendants State of California, by and through California Highway Patrol, and CHP Officer Miguel Lopez-Cuen*

Dated: June 28, 2022                             Respectfully submitted,

                                                 CARTER LAW FIRM, APC


                                                 **/s/Corey A. Carter**
                                                 COREY CARTER
                                                 *Attorney for Plaintiff Louis Herzog*


## **ORDER**

Upon good cause shown, the above Stipulation of the parties is hereby approved and made the Order of this Court.

Dated:  June 29, 2022

                                                 _____
                                                 CAROLYN K. DELANEY
                                                 UNITED STATES MAGISTRATE JUDGE

SA2021302806