1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    LOUIS HERZOG,                               No.  2:21-cv-01174-MCE-CKD

12                   Plaintiff,

13         v.                                      **MEMORANDUM AND ORDER**

14    MIGUEL A. LOPEZ-CUEN, et al.,

15                   Defendants.

16

17        Plaintiff Louis Herzog ("Plaintiff") initiated this action against Defendants Miguel A.

18    Lopez-Cuen ("Lopez-Cuen") and the State of California, by and through the California

19    Highway Patrol, (hereafter the "CHP") (collectively, "Defendants") for constitutional

20    violations arising out his purportedly unlawful arrest for driving under the influence.

21    Presently before the Court is Defendants' Motion for Summary Judgment.[1]  ECF No. 19.

22    For the following reasons, that Motion is GRANTED in part and DENIED in part.

23    ///

24    ///

25    ///

26    ///

27    _____

28        [1]  Because oral argument would not have been of material assistance, the Court ordered this
      matter submitted on the briefs.  E.D. Local Rule 230(g).

                                                 1

1

2

**BACKGROUND**[2]

3

4     On April 15, 2020, Lopez-Cuen was traveling westbound in his patrol vehicle as

5     he approached an intersection where he encountered Plaintiff in his own vehicle.  At the

6     intersection, Lopez-Cuen had a green light, and Plaintiff's light was red.  According to

7     Defendants, Lopez-Cuen saw Plaintiff apply his brakes, but he did not appear to be able

8     to come to a complete stop before the limit line.  Plaintiff avers, however, that he did in

9     fact stop before the limit line and looked to make sure lane of traffic was clear before

10    he attempted to make a right turn.  As Lopez-Cuen approached the intersection, he

11    moved from the left-hand lane, which was occupied by vehicles ahead of him, into the

12    right-hand lane, which is the same lane Plaintiff proceeded to turn into.  Lopez-Cuen had

13    to apply his brakes to avoid colliding with Plaintiff, after which he immediately activated

14    his siren to conduct a traffic stop of Plaintiff for violations of California Vehicle Code §

      21453(a), failure to stop for a circular red light, and § 21658(a), unsafe lane change.

15        Plaintiff pulled his vehicle off of the road into a parking lot.  Lopez-Cuen

16    approached Plaintiff through the open driver side window, and, according to Defendants,

17    observed that Plaintiff's eyes were watery, he was demonstrating repetitive body

18    movements and that he appeared agitated.  Lopez-Cuen Decl., ¶ 5.  Lopez-Cuen also

19    purportedly observed that Plaintiff's speech was slurred and he was breathing heavily.

20    Id.  Plaintiff denies that his eyes were watery, that he was making unusual body

21    movements, that he was breathing heavily or that his speech was slurred, but he admits

22    he was anxious and nervous at having been stopped by an officer across from his place

23    of work.  Herzog Decl., ECF No. 26, ¶¶ 7-13.

24    ///

25    ///

26    ///

27

28
      [2] The following recitation of facts is taken, at times verbatim, from Defendants' Response to
      Plaintiff's Response to Defendants' Statement of Undisputed Material Facts.  ECF No. 31-1.  The events
      are also captured on dash camera and body camera footage.

1    Lopez-Cuen asked Plaintiff if he had consumed any drugs or alcohol that day,

2    and Plaintiff replied in the negative, although he offered that he had taken a Prozac

3    earlier in the morning, eight to nine hours prior to the traffic stop.  Because Lopez-Cuen

4    nonetheless still suspected that Plaintiff had ingested something, he began to perform a

5    series of Field Sobriety Tests ("FSTs"):  the Horizontal Gaze Nystagmus test, the Walk-

6    and-Turn test, the One-Leg Stand test, and the Modified Romberg Test.  It is undisputed

7    that these are standard tests and Lopez-Cuen had been trained to administer each of

8    them.

9    With regard to the Horizontal Gaze Nystagmus test, Lopez-Cuen averred that

10   "[Plaintiff] displayed a lack of smooth pursuit in both eyes, as he was unable to

11   smoothly track [the] pen during the test."  Lopez-Cuen Decl., ¶ 6.  Lopez-Cuen also

12   noted that Plaintiff's pupils were constricted to 2.5 mm on an investigative chart.  Id., ¶ 8.

13   Based on his observations, Lopez-Cuen believed Plaintiff might be intoxicated.  For his

14   part, however, Plaintiff avers that he had no trouble tracking Lopez-Cuen's pen.  Herzog

15   Decl., ¶ 16.  Plaintiff also provided expert testimony indicating that Lopez-Cuen did not

16   perform the Horizontal Gaze Nystagmus test properly and that Plaintiff performed as

17   would a sober person.  Decl. of Corey Carter, ECF No. 27, ¶ 3, Ex. 3 (Expert Report of

18   Ed Barley), at 8-11.  That report also indicates that pupils can be expected to be more

19   constricted during bright daylight hours and that 2.5 mm is within the normal range.  Id.

20   at 11.

21   With regard to the rest of the tests, Defendants offer Lopez-Cuen's testimony that

22   they were properly administered and that Plaintiff's performance indicated he was under

23   the influence.  For example, with regard to the Walk-and-Turn test, Lopez-Cuen

24   determined that Plaintiff began performing the test while still receiving instructions,

25   missed heel-to-toe contact on one step on his way out, stepped off the line at one point

26   on the way back, and did not conduct the turn as instructed.  Lopez-Cuen Decl, ¶ 10.

27   ///

28   ///

1   Plaintiff disputes Lopez-Cuen's observations as to each test, contends any deviations

2   were not sufficient to constitute "clues" to intoxication, and provides expert testimony

3   indicating that the tests were administered improperly.  Carter Decl., Ex. 3.

4       Eventually, satisfied that Plaintiff was under the influence of something, Lopez-

5   Cuen placed Plaintiff under arrest for violation of California Vehicle Code § 23152(f).

6   Plaintiff was taken to a local hospital for a blood draw and was then booked into the San

7   Joaquin County Jail.  It was later determined that Plaintiff had no alcohol or drugs in his

8   bloodstream, and he was never prosecuted.

9       Plaintiff thereafter initiated this action in state court alleging causes of action for:

10  (1) unreasonable search and seizure under the Fourth Amendment to the United States

11  Constitution; (2) violation of California's Unruh Civil Rights Act, California Civil Code §§

12  51, et seq.; (3) violation of California's Bane Act, California Civil Code § 52.1; (4)

13  intentional infliction of emotional distress ("IIED"); and (5) false imprisonment or false

14  arrest.  Defendants removed the action to this Court, and Plaintiff's IIED claim was

15  dismissed.  Presently before the Court is Defendants' Motion for Summary Judgment as

16  to Plaintiff's remaining claims.

17

18                              **STANDARD**

19

20      The Federal Rules of Civil Procedure provide for summary judgment when "the

21  movant shows that there is no genuine dispute as to any material fact and the movant is

22  entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v.

23  Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to

24  dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

25  ///

26  ///

27  ///

28  ///

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1992).

///

The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.  In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.  Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587.

        In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  Anderson, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

///

///

///

///

///

///

///

///

6

1

2

**ANALYSIS**

3      Defendants contend they are entitled to judgment as a matter of law because:

4  (1) Lopez-Cuen had probable cause to arrest Plaintiff for driving under the influence

5  pursuant to California Vehicle Code § 23152(f); (2) even if Lopez-Cuen's conduct was

6  unconstitutional, he is entitled qualified immunity; (3) Plaintiff's false arrest/false

7  imprisonment claims fail because Lopez-Cuen's conduct was lawful or subject to

8  privilege; (4) Plaintiff cannot state a claim under the Unruh Act because it does not apply

9  to police functions; (5) Plaintiff's Bane Act claim is also insufficient, again because of

10  privilege; and (6) the claims against the CHP fail with the claims against Lopez-Cuen.

11  Plaintiff concedes judgment should be entered in Defendants' favor on the Unruh Act

12  and Bane Act causes of action.  Accordingly, Defendants' Motion is GRANTED as to

13  both of those claims.

14      As for the rest of the claims, however, there are triable issues of material fact that

15  preclude the entry of judgment.  Plaintiff disputes each of Defendants' facts regarding

16  the FSTs he underwent via his own declaration and the report of his expert.  The videos

17  submitted by the parties do not eliminate any factual dispute because certain critical

18  aspects of the FSTs are not captured on camera.  Construing all of the facts and the

19  videos in Plaintiff's favor requires the Court to find that Plaintiff appeared nervous, but

20  nonetheless performed sufficiently well on the FSTs and behaved in a manner indicative

21  of a sober as opposed to intoxicated state.  If that was the case, then there would have

22  been no basis on which to arrest Plaintiff.  To find for Defendants, on the other hand the

23  Court would have to construe the facts in their favor, which would of course be improper

24  at this stage of the proceedings.  Accordingly, because there are genuine issues of

25  material fact that must be decided by a jury before questions of constitutionality and

26  immunity can be reached, Defendants' Motion is DENIED as to Plaintiff's Fourth

27  Amendment and false arrest/imprisonment causes of action.

28  ///

**CONCLUSION**

Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED in part and DENIED in part consistent with the foregoing.  This action shall proceed on Plaintiff's First and Fifth Causes of action.

IT IS SO ORDERED.

Dated:  September 11, 2024

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

8